IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-611-D

| | |
|---|---|
| OMONYA I. ONWE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| WASTE INDUSTRIES, INC., | ) |
| | ) |
| Defendant, | ) |

On May 4, 2016, Waste Industries, LLC ("Waste Industries" or "defendant") moved to dismiss one of the two claims for relief in count four of Omonya Onwe's amended complaint [D.E. 25] and filed a memorandum in support [D.E. 26]. See Fed. R. Civ. P. 12(b)(6). In that claim, Omonya Onwe ("Onwe" or "plaintiff") asserts that Waste Industries wrongfully discharged him in violation of North Carolina public policy by retaliating against him for "reporting harassment on the basis of his race, national origin, and disability." See Am. Compl. [D.E. 23] ¶¶ 35–40. According to Onwe, N.C. Gen. Stat. § 143-422.2 provides the source of North Carolina's public policy. Id.; see [D.E. 32, 33]. On June 13, 2016, Onwe responded in opposition to the motion to dismiss [D.E. 32, 33]. As explained below, the court grants Waste Industries's motion and dismisses the portion of Onwe's wrongful-discharge claim in count four relying on N.C. Gen. Stat. § 143-422.2.

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal and factual sufficiency of the complaint. See Ashcroft v. Iqbal, 556 U.S. 662, 677–80, 684 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554–63 (2007); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). To withstand a Rule 12(b)(6) motion, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quotation

omitted); see Twombly, 550 U.S. at 570; Giarratano, 521 F.3d at 302. In considering the motion, the court must construe the facts and reasonable inferences "in the light most favorable to the [nonmoving party]." Massey v. Ojaniit, 759 F.3d 343, 347, 352–53 (4th Cir. 2014) (quotation omitted); see Clatterbuck v. City of Charlottesville, 708 F.3d 549, 557 (4th Cir. 2013). A court need not accept as true legal conclusions, unwarranted inferences, or arguments. Giarratano, 521 F.3d at 302 (quotation omitted); Iqbal, 556 U.S. at 678–79. Rather, plaintiffs' factual allegations must "nudge[ ] their claims," Twombly, 550 U.S. at 570, beyond the realm of "mere possibility" into "plausib[ility]." Iqbal, 556 U.S. at 678–79.

When evaluating a motion to dismiss, a court considers the pleadings and any materials "attached or incorporated into the complaint." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 438, 448 (4th Cir. 2011); see Fed. R. Civ. P. 10(c); Thompson v. Greene, 427 F.3d 263, 268 (4th Cir. 2005). A court also may take judicial notice of public records such as court documents without converting the motion to dismiss into a motion for summary judgment. See, e.g., Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

North Carolina law governs Onwe's claim for wrongful termination. See Am. Compl. ¶¶ 35–40. Accordingly, the court must predict how the Supreme Court of North Carolina would rule on any disputed state-law issue. See Twin City Fire Ins. Co. v. Ben Arnold-Sunbelt Beverage Co. of S.C., 433 F.3d 365, 369 (4th Cir. 2005). In doing so, the court must look first to opinions of the Supreme Court of North Carolina. See Stahle v. CTS Corp., 817 F.3d 96, 100 (4th Cir. 2016). If there are no governing Supreme Court of North Carolina opinions, the court "may consider lower court opinions[,] . . . treatises, and the practices of other states." Twin City Fire Ins. Co., 433 F.3d

2

at 369 (quotation omitted).[1] In doing so, a federal court "should not create or expand [a] [s]tate's public policy." Time Warner Entm't-Advance/Newhouse P'ship v. Carteret-Craven Elec. Membership Corp., 506 F.3d 304, 314 (4th Cir. 2007) (first alteration in original) (quotation omitted); Wade v. Danek Med., Inc., 182 F.3d 281, 286 (4th Cir. 1999). Moreover, in predicting how the Supreme Court of North Carolina would address an issue, this court must "follow the decision of an intermediate state appellate court unless there is persuasive data that the highest court would decide differently." Toloczko, 728 F.3d at 397–98.

Under North Carolina law, an employer generally may terminate an at-will employee for any reason. Garner v. Rentenbach Constructors Inc., 350 N.C. 567, 568–72, 515 S.E.2d 438, 439–41 (1999). North Carolina recognizes a narrow exception to that general rule if an employee's termination violates North Carolina public policy. See, e.g., Whitt v. Harris Teeter, Inc., 359 N.C. 625, 625, 614 S.E.2d 531, 532 (2005) (per curiam) (adopting dissenting opinion at 165 N.C. App. 32, 43–50, 598 S.E.2d 151, 159–63 (2004) (McCullough, J., dissenting)); Garner, 350 N.C. at 568–72, 515 S.E.2d at 439–41; Amos v. Oakdale Knitting Co., 331 N.C. 348, 350–54, 416 S.E.2d 166, 167–70 (1992); Coman v. Thomas Mfg. Co., 325 N.C. 172, 176–78, 381 S.E.2d 445, 447–49 (1989). To prove a claim of wrongful discharge in violation of North Carolina public policy, a plaintiff must identify and rely upon a specific North Carolina statute or North Carolina constitutional provision stating North Carolina's public policy. See Garner, 350 N.C. at 568–72, 515 S.E.2d at 439–41; Amos, 331 N.C. at 350–54, 416 S.E.2d at 167–70; Coman, 325 N.C. at 176, 381 S.E.2d at 447; Horne v. Cumberland Cty. Hosp. Sys., Inc., 228 N.C. App. 142, 146, 746 S.E.2d 13, 17–19 (2013); Gillis v. Montgomery Cty. Sheriff's Dep't, 191 N.C. App. 377, 379–81, 663 S.E.2d

---

[1] North Carolina does not have a mechanism to certify questions of state law to its Supreme Court. See Town of Nags Head v. Toloczko, 728 F.3d 391, 397–98 (4th Cir. 2013).

3

447, 449–50 (2008); Whitings v. Wolfson Casing Corp., 173 N.C. App. 218, 222, 618 S.E.2d 750, 753 (2005); Considine v. Compass Grp. USA, Inc., 145 N.C. App. 314, 321, 551 S.E.2d 179, 184 (2001), aff'd, 354 N.C. 568, 557 S.E.2d 528 (2001) (per curiam).

In making his wrongful-discharge claim in count four, Onwe relies in part on N.C. Gen. Stat. § 143-422.2 as the source of North Carolina's public policy.[2] Section 143-422.2, however, does not create a private right of action for retaliation or provide a source of public policy concerning retaliation. See, e.g., Whitt, 359 N.C. at 625, 614 S.E.2d at 532; McLean v. Patten Cmtys., Inc., 332 F.3d 714, 719 (4th Cir. 2003); Swann v. Source One Staffing Solutions, 778 F. Supp. 2d 611, 622–23 (E.D.N.C. 2011); Haley v. Wal-Mart Stores East, L.P., No. 5:07-CV-219-D, 2008 WL 5069073, at *4 (E.D.N.C. Nov. 17, 2008) (unpublished); Bratcher v. Pharmaceutical Prod. Dev., Inc.,

---

[2] N.C. Gen. Stat. § 143-422.2 states:

(a) It is the public policy of this State to protect and safeguard the right and opportunity of all persons to seek, obtain and hold employment without discrimination or abridgement on account of race, religion, color, national origin, age, biological sex or handicap by employers which regularly employ 15 or more employees.

(b) It is recognized that the practice of denying employment opportunity and discriminating in the terms of employment foments domestic strife and unrest, deprives the State of the fullest utilization of its capacities for advancement and development, and substantially and adversely affects the interests of employees, employers, and the public in general.

(c) The General Assembly declares that the regulation of discriminatory practices in employment is properly an issue of general, statewide concern, such that this Article and other applicable provisions of the General Statutes supersede and preempt any ordinance, regulation, resolution, or policy adopted or imposed by a unit of local government or other political subdivision of the State that regulates or imposes any requirement upon an employer pertaining to the regulation of discriminatory practices in employment, except such regulations applicable to personnel employed by that body that are not otherwise in conflict with State law.

N.C. Gen. Stat. § 143-422.2.

545 F. Supp. 2d 533, 544 (E.D.N.C. 2008); Efird v. Riley, 342 F. Supp. 2d 413, 428 (M.D.N.C. 2004); Stout v. Kimberly Clark Corp., 201 F. Supp. 2d 593, 607 (M.D.N.C. 2002); Bradley v. CMI Indus., Inc., 17 F. Supp. 2d 491, 499 (W.D.N.C. 1998). Accordingly, the court grants defendant's motion to dismiss that portion of count four relying on N.C. Gen. Stat. § 143-422.2.

In sum, the court GRANTS defendant's motion to dismiss [D.E. 25] and DISMISSES that portion of count four in plaintiff's amended complaint relying on N.C. Gen. Stat. § 143-422.2.

SO ORDERED. This 26 day of October 2016.

JAMES C. DEVER III
Chief United States District Judge

5